UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

CARLOS BARRIENTOS,

              Petitioner,

  -v-                                    No.  14CV3207-LTS-JCF

WILLIAM LEE, Superintendent,

              Respondent.

-------------------------------------------------------x

MEMORANDUM ORDER ADOPTING REPORT AND RECOMMENDATION

        On April 27, 2015, Magistrate Judge James C. Francis issued a Report and Recommendation (the "Report") recommending that the motion of Petitioner Carlos Barrientos ("Petitioner") for a stay of adjudication of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied, and further recommending that the petition be dismissed as untimely. (See Docket Entry No. 20.)  On May 6, 2015, Respondent William Lee ("Respondent") filed a letter urging this Court to adopt Judge Francis' Report.  (See Docket Entry No. 21.)  On May 19, 2015, Petitioner filed an affidavit of objection to Judge Francis' Report with an accompanying memorandum of law.  (See Docket Entry Nos. 22-23.)  On June 2, 2015, Respondent filed his response to Petitioner's objections.  (See Docket Entry No. 24.)  The Court has carefully reviewed the parties' submissions and, for the reasons stated below, the Court adopts the Report, overrules Petitioner's objections, denies his motion for a stay and dismisses his petition as untimely.

## DISCUSSION

When reviewing a report and recommendation, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C.S. § 636(b)(1)(c) (LexisNexis 2012). The district court may "adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law. Adams v. New York State Dep't of Educ., 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (citing Fed. R. Civ. P. 72(b)). Furthermore, objections that "simply reiterate original arguments" need only be reviewed for clear error. See e.g., Pineda v. Masonry Const., Inc., 831 F. Supp. 2d 666, 671 (S.D.N.Y. 2011). Where specific objections are made, the court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations." United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997) (internal quotation marks and citation omitted). In making a de novo determination on a matter specifically objected to, a district court judge "has discretion in the weight placed on proposed findings and recommendations and may afford a degree of deference to the Report and Recommendation." Vaccariello v. XM Satellite Radio, Inc., 295 F.R.D. 62, 67 (S.D.N.Y. 2013).

Pro se parties are "entitled to a liberal construction of their papers, which should be read to 'raise the strongest arguments that they suggest.'" Rodriguez v. Barnhart, 01CV3411-DAB-MHD, 2002 WL 31875406, at *3 (S.D.N.Y. Dec. 24, 2002) (Report and Recommendation adopted May 16, 2004) (quoting Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996)). However, "[e]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." Machicote v. Ercole, No. 06CV13320-

DAB-JCF, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011).

Construed liberally, Petitioner's papers may be read to raise three specific objections to Judge Francis' recommendation that his habeas petition be dismissed as untimely: (1) that Judge Francis erred in determining that Petitioner was not entitled to an additional 90 days after the statutory tolling period to file his federal habeas petition; (2) that Petitioner's low I.Q. and unfamiliarity with state and federal procedural rules should have served to equitably toll the limitation period; and (3) that Judge Francis should not have addressed the merits of his "actual innocence" claim.

Petitioner's first objection merely reasserts an argument that was advanced before Judge Francis, and therefore Judge Francis' determination need only be reviewed for clear error. See Nelson, 618 F. Supp. at 1189.  The Court finds no such error in Judge Francis' reasoning. Petitioner's second objection raises for the first time the issues of his allegedly low I.Q. and unfamiliarity with state and federal procedural rules.  However, "new arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all." Razzoli v. Federal Bureau of Prisons, No. 12CV 3774-LAP-KNF, 2014 WL 2440771, at *5 (S.D.N.Y. May 30, 2014). Petitioner's third objection, which asserts that Judge Francis should not have examined the merits of his actual innocence claim, raises no disagreement with any specific portion of Judge Francis' analysis.

After carefully reviewing the record below, as well as Judge Francis' thorough and well-reasoned Report and the parties' submissions, the Court agrees with Judge Francis' analysis of the issues presented.  The Court therefore adopts the Report in its entirety and, for the reasons stated therein, overrules Petitioner's objections, denies his motion for a stay, and dismisses his

petition as untimely.

CONCLUSION

For the reasons stated above, the Court adopts Judge Francis' Report in its entirety. Petitioner's objections are overruled, his motion for a stay is denied, and his petition is dismissed as untimely.

Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not be issued. 28 U.S.C.S. 2253(c)(2) (LexisNexis 2008); see generally United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997) (discussing standard for issuing a certificate of appealability). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, accordingly, any application to proceed on appeal in forma pauperis with respect to the claims addressed in the Report and in this Order is denied. See Coppedge v. United States, 369 U.S. 438, 444 (1962).

The Clerk of Court is respectfully requested to enter judgment denying the petition and close this case.

SO ORDERED.

Dated: New York, New York
       June 17, 2015

                                                         /s/ Laura Taylor Swain
                                                        LAURA TAYLOR SWAIN
                                                        United States District Judge

Copy mailed to:
Carlos Barrientos
Inmate #06-A-2426
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582-0010